UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY DE BENEDICTIS, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-09-1683 |
| | § | |
| ROBERT GRIEVE AND JILLIAN GRIEVE, | § | |
| *Defendants*. | § | |

# ORDER

This dispute is before the court on defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim) (Dkt. 5). While the 12(b)(2) motion is denied, the 12(b)(6) motion is granted and this case is dismissed.[1]

**A.     Rule 12(b)(2) Motion**

    **1.     Legal Standards**

The Texas long-arm statute "authorizes the exercise of jurisdiction over nonresidents 'doing business' in Texas," and "the Texas Supreme Court has interpreted the 'doing business' requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996); *Schlobophm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Thus, the jurisdictional

---

[1] The parties have consented to the jurisdiction of this magistrate judge for all purposes, including final judgment (Dkt. 15).

inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).

The two-part test for assertion of personal jurisdiction under the due process clause is (1) whether a defendant "purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' within the forum sate," and (2) whether the assertion of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Alpine View*, 205 F.3d at 215; *see also Burger King Corp. v. Rudzewica*, 471 U.S. 462, 476-77 (1985). Both prongs of the due process test must be met in order for this Court to exercise personal jurisdiction over the defendant.

**2. Analysis**

In this case, defendants do not contest the "minimum contacts" prong, but contend that the exercise of jurisdiction in this case would offend "traditional notions of fair play and substantial justice."[2]

Defendants cite no authority for their position that it is unconstitutional to allow a case to proceed where one defendant is unable to attend trial due to the effects of a criminal conviction. The court recognizes that defendants did not flee the country to avoid adjudication of the wrongs alleged in this lawsuit. Yet, "only in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state."

---

[2] *See* Plaintiff's response, Exhibit A (Dkt. 14-2).

*Enviro Petroleum, Inc. v. Kondur Petroleum, S.A.*, 79 F. Supp. 2d 770, 726 (S.D. Tex. 1999). The court is not persuaded Robert Grieve's circumstances constitute such a rare case. Therefore, defendants' 12(b)(2) motion is denied.

**B.     Rule 12(b)(6) Motion.**

    **1.     Legal Standards**

The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Gonzalez v. Kay*, 577 F.3d 600, 603 (2009).

    **2.     Analysis**

The complaint alleges that from 2002-2006 De Benedictis was employed by Robert Grieve, a private investigator then based in Houston. Grieve allegedly told De Benedictis that what he (Grieve) was doing was legal. De Benedictis was named as a co-conspirator in a federal indictment months after he stopped working for Grieve. Grieve pled guilty to one charge of criminal conspiracy to commit wire fraud and subsequently left the United States.

All charges against De Benedictis were later dismissed without any plea agreement or penalty.

De Benedictis has sued Grieve for breach of fiduciary duty, fraud by nondisclosure, and conspiracy.[3] He seeks to recover for damages, including attorney's fees he incurred as a result of the criminal indictment.

***Breach of Fiduciary Duty.*** "Texas does not recognize a fiduciary duty or a duty of good faith and fair dealing owed by an employer to an employee. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex.2000)." *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 153 (Tex. App. – Houston [1st Dist.] 2005, pet. denied). De Benedictis argues that Grieve owed him a moral "informal fiduciary duty",[4] but he has cited no authority recognizing such a duty. The alleged employee - employer relationship between Grieve and De Benedictis is not the type of "moral, social, domestic, or purely personal" relationship that Texas law has recognized as giving rise to an informal fiduciary duty. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639-40 (5th Cir. 2007). Therefore, defendants' motion to dismiss the breach of fiduciary duty claim is granted.

***Fraud by Nondisclosure.*** The elements of fraud are: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made the statement recklessly without any knowledge of the

---

[3] The complaint (Dkt. 1) alleges no facts that state a cause of action against Jillian Grieve. The motion to dismiss her as a defendant is granted on that basis in addition to the specific reasons set forth below.

[4] Plaintiff's response, ¶ 3.

4

truth; (4) the speaker made the representation with the intent that the other party should act on it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex.2001). The misrepresentation may consist of the concealment or non-disclosure of a material fact when there is a duty to disclose. *Custom Leasing, Inc. v. Tex. Bank & Trust Co.*, 516 S.W.2d 138, 142 (Tex.1974). Whether a duty exists is a question of law. *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001).

A duty to disclose may arise in four situations: (1) where there is a special or fiduciary relationship; (2) where one voluntarily discloses partial information, but fails to disclose the whole truth; (3) where one makes a representation and fails to disclose new information that makes the earlier representation misleading or untrue; and (4) where one makes a partial disclosure and conveys a false impression. *Lesikar v. Rappeport*, 33 S.W.3d 282 (Tex. App. – Texarkana 2000, pet. denied). As stated above, there was no fiduciary relationship between De Benedictis and Grieve. De Benedictis contends that Grieve's duty to disclose arises out of his disclosure of partial information in response to De Benedictis's inquiries about the legality of Grieve's business practices.

The only allegation of a misrepresentation by Grieve is contained in paragraph 4.8 of the complaint:

> Once [sic] specific exchange occurred directly between Plaintiff and Defendant Robert Grieve in January 2005, when a co-worker of the Plaintiff, educated and licensed as an attorney and previously employed as a Federal Assistant District Attorney suddenly and unexpectedly resigned his employment with the Defendants. At the time of this exchange, Defendant

5

> Robert Grieve vehemently denied any wrongdoing when directly asked by Plaintiff if the business was doing anything illegal.

This allegation is insufficient to support a claim of fraud by nondisclosure for at least two reasons. First, there is nothing "partial" about Grieve's alleged vehement denial of wrongdoing. Second, the duty to disclose, to the extent one exists, extends to "material facts." A blanket denial of wrongdoing like that described above is too general and subjective to constitute a failure to disclose a material fact. *See Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995) ("Whether a statement is an actionable statement of "fact" or merely one of "opinion" often depends on the circumstances in which a statement is made. Among the relevant circumstances are the statement's specificity, the speaker's knowledge, the comparative levels of the speaker's and the hearer's knowledge, and whether the statement relates to the present or the future.").

Defendants also assert that De Benedicitis has not and cannot show that Grieve's alleged failure to disclose caused De Benedicitis's injuries. De Benedictis alleges that if he had known that what Grieve was doing was illegal, he would have quit much earlier, and would never have been indicted.

The only alleged misrepresentation by Grieve took place in January 2005. The indictment states that De Benedictis and other committed offenses "[b]eginning at a time unknown, but no later than in or about January 2004 . . ." The indictment was issued by a grand jury and was the result of an investigation by federal authorities. It is pure conjecture

to say that if Grieve had been more forthcoming in January 2005, the indictment would never have occurred.

The court concludes that the allegations in the complaint do not state a plausible claim for fraud by nondisclosure. Defendants' motion to dismiss the fraud claim is granted.

*Conspiracy*. Having dismissed the breach of fiduciary duty and fraud claims, there is no basis for De Benedictis's civil conspiracy claim. *Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 635 (Tex. 1997); *Meadows*, 492 F.3d at 640. Thus, defendants motion to dismiss the conspiracy claim is granted.

## C.   Conclusion and Order

Defendants' 12(b)(2) motion to dismiss is denied. Defendants' 12(b)(6) motion to dismiss is granted. De Benedictis's claims in this case are dismissed. The court will issue a separate final judgment.

Signed at Houston, Texas on March 29, 2010.

_____
Stephen Wm Smith
United States Magistrate Judge

7